UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIELLE COVARRUBIAS, individually, and on behalf of a class of others similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>AMERICAN AIRLINES, Inc., a Delaware Corporation,<br><br>  Defendant. | Case No. _____<br><br>**COMPLAINT**<br>**RULE 23 CLASS ACTION**<br><br><br>**JURY TRIAL REQUESTED** |

Plaintiff individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their counsel, for their Complaint against American Airlines, Inc. (hereinafter "Defendant") hereby state and allege as follows:

**I. INTRODUCTION**

1. In June of 2008, Defendant, in pursuit of increased revenue, began charging all domestic travelers a fee for the handling and transportation of passengers' bags to their destinations.

CLASS ACTION COMPLAINT - 1

2. American Airlines, Inc. was the first major carrier to implement these charges in the United States.

3. For example, on domestic flights in the United States (including flights to, from, and between, Puerto Rico and the U.S. Virgin Islands) American Airlines charges passengers a fee of $25 for the first bag checked, $35 for the second bag, $100 for the third, fourth, and fifth bag, and a charge of $200 for every bag thereafter.

4. However, with the fee came the clear and unambiguous agreement with passengers to handle bags with care, and deliver them to their destination in a timely fashion.

5. Although the loss or delay of a passenger's bag may be a reality of modern airline travel, the fee charged to handle those bags must be immediately refunded when American Airlines loses, delays, and/or damages passengers' bags.

6. American Airlines has breached its agreements with its passengers every time they have lost or delayed luggage and failed to refund the passengers their baggage fee.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction based on the Class Action Fairness Act, 28 U.S.C. § 1332 (d)(2)

8. Defendant routinely conducts business in Washington State and with the residents of this jurisdiction.

9. Representative Plaintiff purchased and paid the baggage fee at the Seattle-Tacoma International Airport, in King County Washington.

10. Representative Plaintiff is a resident, and citizen of Pierce County, Washington.

11. Upon information and belief, American Airlines is a Delaware corporation, conducting business in the State of Washington, and nationwide.

12. The amount in controversy exceeds $5,000,000 when the claims of the class members are aggregated.

13. Upon information and belief, Defendant American Airlines damages, loses, or delays over 2,400 bags per day in the United States.

14. Therefore, a refund of all fees charged to passengers during the statute of limitations would far exceed the jurisdiction requirements of CAFA.

15. Venue is proper in this action under 28 U.S.C. § 1391(c).

### III. GENERAL ALLEGATIONS

16. Defendant is an international airline passenger carrier based out of its corporate headquarters in Fort Worth, Texas.

17. In 2008 Defendant took what it described as the "extraordinary measure" of charging passengers a fee for the handling and delivery to a set destination of any and all bags that were checked with the airline (other than some limited exceptions).

18. Defendant implemented this baggage service fee in order to boost revenue beyond the price of its tickets. In other words, Defendant added the service charge above and beyond the ticket charge for airline travel.

19. Defendant had the option to simply raise its fares to increase revenue, but instead advertised, promoted, and required its passengers to pay a "baggage fee" to handle and deliver their bags to the destination agreed upon at the time of ticketing.

20. At airports across the country, American Airlines directed its personnel to charge all passengers a fee upon acceptance of the passenger's bags, whereupon the bags

would be handled, stored, and delivered with the passenger to their destination.

21.   Explicit in this charge was the agreement to not lose, damage, or delay the delivery of the bag, as basic consideration for the service fee.

22.   However, in spite of these charges, every day a certain percentage of bags are lost, damaged, destroyed, or delayed, during travel across the United States and with flights leaving the United States to domestic and foreign destinations.

23.   On May 11, 2010, Plaintiff was charged a fee of $25 for the handling and delivery of her bag from Seattle, Washington to Grand Rapids, Michigan.

24.   Upon arrival in Grand Rapids she discovered, and it was confirmed, that her bag had been lost.

25.   When she requested information of when it would arrive, where it was, or whether it was lost, she was informed that such information was unavailable.  After waiting for the next flight to arrive, Plaintiff soon went to her hotel, with over $800 of her possessions unaccounted for.

26.   During the next twenty-four hours Plaintiff called American Airlines to find out the status of her bag.  Each time she was informed that they did not know where it was, whether it was lost, or if it would ever be returned.

27.   Finally, in desperate need of clothing, and toiletries, Plaintiff spent over $300 dollars buying new clothes, and necessary toliteries.

28.   In her last conversation with American Airlines, Plaintiff asked what the Airline could do.  She was told nothing could be done.

29.   Plaintiff then demanded that at the very least her baggage fee be immediately refunded.

30.   Plaintiff was denied a refund of her baggage fee.

31. Plaintiff now brings this suit on behalf of herself, and others similarly situated for a refund of the baggage fee charged when a bag is lost, delayed, damaged, or destroyed during travel in the United States as well as flights originating from the United States to foreign destinations.

## IV. CLASS ACTION ALLEGATIONS

32. Plaintiff brings a class action pursuant to Civil Rule 23, on behalf of herself and as representative of the following persons:

> All passengers who flew on a flight originating in the United States, was charged a baggage fee, and had their bag lost, delayed, damaged, and/or destroyed while it was in the custody and control of American Airlines.

33. Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy representation and superiority requirements for class action certification pursuant to Washington Rule of Civil Procedure 23(a) and 23(b)(1), 23(b)(2), and 23(b)(3).

34. The class satisfies the numerosity standards. The class is believed to number in the thousands of persons. As a result, joinder of all class members in a single action is impracticable.

35. Defendant is in exclusive possession of the exact number of the class and such discovery should be provided immediately. Class members may be informed of the pendency of this class action through direct mail.

36. There are questions of fact and law common to the class, which predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

> (1) Whether Defendant by charging a baggage fee entered a contract, agreement, and/or legal obligation to deliver the bags timely, and free from damage.

      (2) Whether Defendant has an obligation to refund the baggage fee to class members if it failed to deliver a bag on time, or free from damage.

37. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of Plaintiffs' claims.

38. Plaintiff's claims are typical of those of the class in that she was charged a baggage fee and was not refunded said fee even though her bag was delayed for more than twenty-four hours.

39. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

40. Further, Defendant has failed to take action as required under common law, on grounds applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief as respect to the class as a whole necessary and appropriate.

41. Plaintiff is an adequate representative of the class because she is a member of the class and her interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff and her undersigned counsel, who have extensive experience prosecuting and defending complex class-action litigation.

42. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be

impractical and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I
## Breach of Contract

43. Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs.

44. American Airlines entered into a valid and binding agreement with certain passengers to transport their luggage in exchange for a fee.

45. Plaintiff and class members fulfilled all of their obligations under the contract and paid the fee in exchange for American Airlines agreement to timely transport passengers' bags free of damage to the destination designated at the time of booking their ticket.

46. American Airlines breached the agreement by failing to timely deliver the bags of Plaintiff, and all others similarly situated, and therefore must forfeit the baggage fee.

47. Thus, Plaintiff, and all others similarly situated, have suffered damages in an amount to be determined at trial and all equitable remedies available under law, including, but not limited to, the refund of the fee charged for the delivery and handling of their bags.

## COUNT II
## Unjust Enrichment/ Quasi Contract

48. Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs.

49. American Airlines had the ability to raise revenue by simply increasing its fares, but instead chose to create a baggage fee for its customers.

50. This fee in fact enriched American Airlines and grew revenue as was intended.

51. However, where American Airlines failed to deliver a customer's bag to their destination in a timely fashion without damage, such fee and the retention of the fee, becomes unjust.

52. Therefore, American Airlines has breached its quasi contractual obligations with Plaintiff and a class of those similarly situated and has been unjustly enriched.

53. Plaintiff, and all others similarly situated, were thereby damaged in an amount to be determined at trial.

## COUNT III
### Quantum Meruit

54. Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs.

55. American Airlines knew or should have known that Plaintiffs would have expected that after paying the fee their bags would be delivered on time and free from damage.

56. American Airlines' conduct in creating the fee, charging its passengers for the fee, and calling the fee, for checked luggage a "baggage fee," created an implied contract in fact.

57. Where American Airlines failed to deliver a customer's bag to their destination in a timely fashion, without damage, they have breached this contract and unjustly retained the benefit of the bargain.

58. Plaintiff, and those similarly situated, were thereby damaged in an amount to be determined at trial.

## COUNT IV
### Breach of the Covenant of Good Faith and Fair Dealing

59. Plaintiffs reassert and re-allege the allegations set forth in the above

paragraphs.

60. Implicit in every agreement is the covenant of good faith and fair dealing.

61. When Defendant American Airlines chose to implement a baggage fee, rather than increase fares, it was implicit that this fee would pay for the timely transportation of the bag free of damage to its agreed upon destination.

62. Therefore, in failing to refund Plaintiff, and all others similarly situated, of the required fee American Airlines breached the covenant of good faith and fair dealing.

63. Plaintiff, and all others similarly situated, have suffered damages as a direct result of these practices.

64. Plaintiff, and all others similarly situated, were thereby damaged in an amount to be determined at trial.

**COUNT V**
**Negligent Misrepresentation**

65. Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs.

66. American Airlines was the first large United States carrier to implement a service charge coined a "baggage fee."

67. In doing so, American Airlines represented to the public, either explicitly or implicitly, that it would ensure bags were handled with care and delivered to their destination in a timely fashion.

68. American Airlines knew or should have known that their passengers would rely upon this representation.

69. Plaintiff, and all others similarly situated, reasonably relied upon this representation.

70. Plaintiff, and all others similarly situated, have suffered damages as a direct result of these representations when American Airlines

charged them the service fee but failed to fulfill the service by losing, damaging, or delaying their baggage.

71.     Plaintiff, and all others similarly situated, were thereby damaged in an amount to be determined at trial.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all others similarly situated, demand judgment against Defendant and pray for:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, agents, assigns, and all persons in active concert or participation with it, from retaining any baggage fee for a domestic airline passenger (including flights to and between Puerto Rico and the U.S. Virgin Islands), when the bag has been lost, delayed, or damaged.

B.      Order Defendant to make Plaintiff and the other class members whole by immediately refunding all baggage fees charged for a bag that was lost, damaged, or delayed.

C.      Order Defendant to make an Account for Profits and/or expenses saved by its unlawful practices and provide full restitution to Plaintiff and other class members.

D.      Order Defendant to make Plaintiff and the other class members whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in the above paragraphs, including out-of-pocket expenses, in amounts to be determined at trial.

E.      Order Defendant to make Plaintiff and the other class members whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful

practices described in the above paragraphs, in amounts to be determined at trial.

F. Order Defendant to make Plaintiff and the other class members whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

G. Order Defendant to pay Plaintiff and the other class members punitive and/or treble damages to the fullest extent allowed by law.

H. Award Plaintiff and the other class members the costs of this action, including attorneys' fees as sounding in tort and contract.

I. Grant any additional or further relief as provided by law, which this Court finds appropriate, equitable, or just.

## VI. DEMAND FOR JURY TRIAL

All Plaintiffs hereby request trial by jury of all issues triable by jury.

## VII. DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Seattle, Washington as the place of trial.

Dated this 16th day of July 2010.

        **LAW OFFICES INGELS & MACDOUGALL PLLC**

        By: _____
            Casey R. Ingels, WSBA #32981

        and

        **ONGARO BURTT & LOUDERBACK LLP**
        David Ongaro (pro hac vice application pending)
        595 Market Street, Suite 610
        San Francisco, CA 94105
        Phone:  (415) 433-3901
        Facsimile: (415) 433-3950

        Attorneys for Plaintiffs